UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE MICHAEL DEAN,<br><br>                                    Plaintiff,<br><br>v.<br><br>R.Y. ZHANG, et al.,<br><br>                                    Defendants. | Case No.:  24-cv-00413-RSH-JLB<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>**[ECF NO. 21]** |

Before the Court is Plaintiff Jermaine Michael Dean's ("Plaintiff") Motion to Appoint Counsel.[1]  For the reasons below, the Motion to Appoint Counsel is hereby **DENIED WITHOUT PREJUDICE**.

I.    **Procedural Background**

Plaintiff, currently incarcerated at the R.J. Donovan Correctional Facility in San Diego, California, filed an initial Complaint alleging civil rights violations under 42 U.S.C. § 1983 against Defendant Dr. R.Y. Zhang ("Defendant") and other defendants on February

28, 2024.[2], *   Plaintiff filed a Motion for Leave to Proceed *in Forma Pauperis* ("IFP") as well.[3]   Before further proceedings on either, Plaintiff filed a First Amended Complaint and second Motion to Proceed IFP.[4]   On March 19, 2024, District Judge Robert S. Huie granted Plaintiff's first Motion to Proceed IFP, denied his second as moot, and dismissed his First Amended Complaint with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b).[5]   Plaintiff filed a Second Amended Complaint on April 4, 2024, against Defendant Zhang alone.[6]   Defendant filed an Answer on July 16, 2024, and the Court held an Early Neutral Evaluation Conference and Case Management Conference on August 26, 2024.[7]   Plaintiff filed the instant motion three days later.[8]

## II.   Plaintiff's Factual Allegations[†]

In his Second Amended Complaint, Plaintiff alleges that Defendant, a prison medical doctor, denied him adequate medical care in violation of his rights under the U.S. Constitution's Eight Amendment—under a framework commonly known as a "deliberate indifference" claim.[9]   Plaintiff claims, in sum, that Defendant unlawfully denied him medical care after a left bicep injury in February 2021 by failing to immediately schedule Plaintiff for surgery and that, because surgery was not performed until June 2021, Plaintiff suffered permanent damage to his left arm.[10]   Plaintiff further alleges that Defendant was motivated by "financial benefit" to refer Plaintiff first through a medical evaluation committee rather than directly to surgery.[11]   Plaintiff also alleges that the supposed unconstitutional denial of care was based—at least in part—on his race.[12]

///

///

///

---

* The Court considers the date that Plaintiff submitted his Complaint to prison authorities for mailing as the date filed pursuant to the "prison mailbox rule." *Campbell v. Henry*, 614 F.3d 1056, 1058–59 (9th Cir. 2010).  This rule applies to all Plaintiff's filings.
† The Court draws these allegations directly from Plaintiff's Second Amended Complaint. (ECF No. 8.)

### III.   Legal Standard

An indigent civil litigant has a legal right to counsel "only where the litigant may lose his physical liberty if he loses the litigation."[13]   A district court, however, has discretion to appoint counsel for indigent litigants under "exceptional circumstances" even when physical liberty is not at issue.[14]

In examining whether "exceptional circumstances" exist, the Court evaluates "the likelihood of the plaintiff's success on the merits and . . . the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'"[15]   The Court must examine both factors, and neither is dispositive alone.[16]   To demonstrate that his case is sufficiently complex to warrant appointment of counsel, Plaintiff must show "that he is unable to articulate his positions because of the complexity of his claims."[17]   "[R]arely," however, "will a federal court find a case to be so complex that it is appropriate to appoint counsel for a civil litigant," including in deliberate indifference cases.[18]

In addition to these two factors, a Plaintiff seeking appointment of counsel must demonstrate that they have first made a "reasonably diligent effort to secure counsel" independently.[19]

### IV.   Discussion

Here, though Plaintiff has demonstrated his indigence through his successful Motion to Proceed IFP, and a reasonable independent effort to secure counsel, he has not demonstrated the "exceptional circumstances" that warrant appointment of counsel.  Thus, the Court denies his Motion to Appoint Counsel.

A. Likelihood of Success on the Merits

In his Motion to Appoint Counsel and supporting documents, Plaintiff does not provide facts or argument demonstrating that he is likely to succeed on the merits.[20] Instead, at most, Plaintiff restates the allegations in his Second Amended Complaint and provides legal argument.[21]   These allegations and restatements, without more, are insufficient to prove that he is likely to succeed on the merits—that is, to prove the facts he alleges.[22]   Likewise, the mere fact that Plaintiff's Second Amended Complaint survived

screening is insufficient to establish that he is likely to prevail on the merits.[23]  Even upon reviewing the exhibits attached to the Second Amended Complaint (and assuming their authenticity and admissibility), Plaintiff does not sufficiently establish that he is likely to prevail on the merits.[24]  Thus, the Court finds that Plaintiff has not adequately demonstrated a likelihood of success for purposes of appointing counsel.

B. Articulation of Claims in Light of Complexity

The Court finds that, considering the case's complexity, Plaintiff is able to sufficiently articulate his legal and factual arguments without appointment of counsel. Plaintiff claims that the case is complex because it includes "multi-layered responsibility" between prison officials at different points of decision-making, medical issues that may require expert testimony, substantial discovery and numerous depositions, demands for jury trial, the necessity of acquiring other inmates' medical records, and complex interplay between medical testimony at trial.[25]  However, after screening, his claim proceeds as a "relatively straightforward" deliberate indifference claim typical to many this Court has considered.[26]  Likewise, discovery has only just begun, and Plaintiff's stated discovery and investigation-related concerns do not constitute "exceptional circumstances" warranting appointment of counsel.[27]

Plaintiff cites three cases from other federal circuit courts of appeal for the proposition that "[t]he presence of medical or other issues requiring expert testimony supports the appointment of counsel."[28]  However, these cases discuss appointment of counsel under the specific standards imposed by the Third, Fifth, and Seventh Circuits, respectively.[29,‡]  This court must apply the Ninth Circuit's law.[30]

Plaintiff also cites his reliance on fellow prisoners with unreliable availability—who ostensibly help him prepare his filings—and his own lack of legal knowledge and training

---

‡ Indeed, the court in *Montgomery v. Pinchak* notes that the Third Circuit "has rejected the rule of our sister circuits that have held that appointment of counsel under § 1915(e)(1) is justified only under 'exceptional circumstances.'"  *Montgomery v. Pinchak*, 294 F.3d 492 at 498 n.9 (3rd Cir. 2002) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980)).

as added complexities warranting appointment of counsel.[31]   However, a lack of specialized or enhanced knowledge or legal training alone does not establish "extraordinary circumstances."[32]   Nor does reliance on fellow prisoners for legal work.[33]   Indeed, district courts have found even hardships like physical or psychological disabilities that affect one's ability to litigate—short of incapacity—insufficient to warrant appointment of counsel.[34]   While these hindrances are no doubt frustrating, they do not speak to Plaintiff's specific ability to litigate the claim in light of its complexity.

Plaintiff has, in fact, demonstrated considerable ability to articulate his claims, weighing further against appointment of counsel.[35]   Here, Plaintiff has filed pleadings which survived initial screening, participated fully and actively in the Court's Early Neutral Evaluation and Case Management Conferences, and filed a Motion for Appointment of counsel which—though incorrect in its conclusions—articulates generally correct legal standards and cogent facts and argument in support.[36]   Plaintiff, though he does not wish to proceed *pro se*, is clearly capable of doing so coherently and intelligently at this point in the litigation.

In support of his argument, Plaintiff cites *Gilmore v. Lynch*, 400 F.2d 228 (9th Cir. 1968) and *Lewis v. Casey*, 518 U.S. 343 (1996).[37]   In *Gilmore*, the Ninth Circuit reversed a district court's denial of a request for a three-judge panel, ruling that allegations that a prison unconstitutionally limited its prisoners' access to legal materials raise substantial constitutional questions sufficient to convene a three-judge panel.[38]   This case is not relevant to the issues at hand.   First, the case revolves around the standard for invoking a three-judge court, not appointment of counsel.[39]   Second, the *Gilmore* court makes no pronouncement on issues of access to materials relevant here.[40]

*Lewis* concerns the rights of prisoners' access to legal materials, specifically outlining prisoner rights and remedies in that sphere.[41]   As with *Gilmore*, this case does not involve questions of appointment of counsel and is not relevant to the issues brought in this motion.   In the Court's understanding, Plaintiff does not assert that he himself has been denied access to legal resources, merely that he has not been provided counsel.[42]

1  Indeed, in the instant motion he cites cases clearly found through legal research.[43]
2  Therefore, *Lewis* has no relation to the motion at hand.[44]

3  ## V.      <u>**Conclusion**</u>

4          Because Plaintiff does not demonstrate the "extraordinary circumstances" required
5  for the Court to appoint counsel at this point in litigation, the Court **DENIES WITHOUT**
6  **PREJUDICE** Plaintiff's Motion for Appointment of Counsel.   Should circumstances
7  change in a manner that supports appointment of counsel under the framework discussed
8  above, Plaintiff may file a renewed motion at that time.

9          **IT IS SO ORDERED.**

10  Dated:  September 17, 2024

11
12                                                  Hon. Jill L. Burkhardt
                                                    United States Magistrate Judge
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6

1

2

---

[1] ECF No. 21.

[2] ECF No. 1.

[3] ECF No. 2.

[4] ECF Nos. 4–5.

[5] ECF No. 7.

[6] ECF No. 8.

[7] ECF Nos. 14, 19.

[8] ECF No. 21.

[9] *See Estelle v. Gamble*, 429 U.S. 97 (1976).

[10] ECF No. 8 at 3–15.

[11] *Id.* at 12–14.

[12] *See, e.g., Id.* at 9, 13, 15.

[13] *Lassiter v. Dept. of Soc. Serv. of Durham Cnty., N.C.*, 481 U.S. 18, 25 (1981); *Kakowski v. Allison*, No. 21-cv-01675-JAH-JLB, 2022 WL 2306828, at *4 (S.D. Cal. Jun. 27, 2022).

[14] 28 U.S.C. § 1915(e)(1) (this provision formerly appeared in § 1915(d)); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); Kakowski, 2022 WL 2306828 at *4; *Hamilton v. Moseley*, No. 21-cv-2032-CAB-AHG, 2023 WL 7309452 at *2 (S.D. Cal. Nov. 6, 2023).

[15] *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331); *Palmer*, 560 F.3d at 970.

[16] *Terrell*, 935 F.2d at 1017 (quoting *Wilborn*, 789 F.2d at 1331); *Palmer*, 560 F.3d at 970.

[17] *White v. Madden*, No. 22-cv-1428-AGS-BGS, 2023 WL 4879828 at *10 (S.D. Cal. July 28, 2023).

[18] *Kakowski*, 2022 WL 2306828 at *4.

[19] *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993); *accord Hamilton*, 2023 WL 7309452 at *2; *Cruz v. San Diego Cnty. CWS*, No. 23-cv-0957-GPC-KSC, 2023 WL 5490137 at *4 (S.D. Cal. Aug. 24, 2023); *Skelly v. U.S. Dept. of Educ.*, No. 19-cv-1812-GPC-BLM, 2019 WL 6840398 at *5 (S.D. Cal. Dec. 16, 2019).

[20] *Cavazos v. Garilaso,* No. 21-CV-01156-JAH-LR, 2023 WL 2702565 at *1 (S.D. Cal. Mar. 29, 2023).

[21] *See* ECF No. 21 at 4, 10–13.

[22] *See Bailey*, 835 F. Supp. at 552; *Kakowski*, 2022 WL 2306828 at *5; *Hamilton*, 2023 WL 7309452 at *2.

[23] *Hamilton*, 2023 WL 7309452 at *2 (collecting cases); *Garcia v. Smith,* No. 10-cv1187-AJB-RBB, 2012 WL 2499003 at *3 (S.D. Cal. Jun. 27, 2012) ("Although [Plaintiff's] . . . claims survived Defendant's Motion to Dismiss, it is too early to determine the likelihood

7

of success on the merits.  Without more, it is not certain whether any of Plaintiff's causes of action will survive summary judgment.").

24   ECF No. 8-1.

25   ECF No. 21 at 4–5, 9.

26   *See Kakowski*, 2022 WL 2306828 at *5 (quoting *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015)).

27   *See Id.* at *5 (considering conflicting testimony, expert witnesses, and jury trials, and collecting cases); *Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.  If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."); *Garcia*, 2012 WL 2499003 at *4 ("Although the investigation may be difficult, it does not rise to the level of an "exceptional circumstance" that would entitle [Plaintiff] to appointed counsel." (internal citations omitted)).

28   ECF No. 21 at 9–10.

29   *Montgomery v. Pinchak*, 294 F.3d 492, 498–99 3rd Cir. 2002); *Moore v. Mabus*, 976 F.2d 268 (5th Cir. 1992); and *Jackson v. Cnty. of McLean*, 953 F.2d 1070 (7th Cir. 1992).

30   *See United States v. Serrano,* 651 F. Supp. 3d 1192, 1207–08 (S.D. Cal. 2023) (citing *United States v. Hill*, 629 F. Supp. 3d 1027, 1030 (S.D. Cal. 2022).

31   ECF No. 21 at 2, 5, 10–12.

32   *White v. Madden*, No. 22-cv-1428-AGS-BGS, 2023 WL 4879828 at *10 (S.D. Cal. Jul. 28, 2023); *see, e.g.*, *Garcia*, 2012 WL 2499003 at *5.

33   *See, e.g.*, *Garcia,* 2012 WL 2499003 at *5.

34   *See, e.g.*, *Hamilton*, 2023 WL 7309452 at *3 ("Plaintiff has not established that he is unable to articulate his claims in light of the complexity of the legal issues in his case . . . . That is the relevant factor the Court must consider, not whether Plaintiff has physical hindrances that may require additional time to prepare his filings." (internal citations omitted)); *Cavazos*, 2023 WL 2702565 at *1.

35   *Id.*; *Kakowski*, 2022 WL 2306828 at *5; *Thompson v. Paramo,* No. 16-cv-951-MMA-BGS, 2018 WL 4357993 at *1 (S.D. Cal. Sept. 13, 2018) ("When a *pro se* plaintiff shows he understands basic litigation procedure and is able to articulate his claims, he does not demonstrate exceptional circumstances to warrant appointing counsel.").

36   ECF Nos. 1, 4, 8, 19, 21.

37   ECF No. 11.

38   *Gilmore* 400 F.2d at 228–231.

39   *Id.* at 230.

40   *Id*.

41   *Lewis*, 518 U.S. at 346–61.

42   *See* ECF No. 21 at 2–3, 11–12.

43   *Id.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---

[44]   *See also Cavazos*, 2023 WL 2702565 at *1 (denying a motion to appoint counsel despite assertions of limited library access).