UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE MICHAEL DEAN,<br>CDCR #GI-6959,<br><br>                              Plaintiff,<br><br>          v.<br><br>DR. R. Y. ZHANG,<br><br>                              Defendant. | Case No.:  24-cv-413-RSH-JLB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT**<br><br>[ECF No. 52] |

Plaintiff Jermaine Michael Dean, a state prisoner proceeding *pro se*, filed this lawsuit on February 28, 2024. ECF No. 1. On January 13, 2026, the Court granted Defendant's motion for summary judgment on Plaintiff's operative pleading, the Second Amended Complaint. ECF No. 50. Judgment was entered the same day. ECF No. 51.

On January 23, 2026, Plaintiff filed the instant motion to amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 52. Defendant opposes the motion. ECF No. 60. As set forth below, the motion is denied.

## I.      LEGAL STANDARD

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229

1

F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

## II.    DISCUSSION

Plaintiff argues, first, that in this lawsuit he faced "continuous denial for discovery from the Counsel for the Defendant," ECF No. 52 at 2, and indicates that he made a Public Records Act request that was not honored, *id.* at 3. He also states that his motion for appointment of counsel cited the need for discovery. *Id.* Plaintiff's motion does not explain how any specific discovery that he was denied would have been relevant to the Court's summary judgment order. To the extent Plaintiff is taking issue with the U.S. Magistrate Judge's order denying his motion to compel discovery, ECF No. 43, Plaintiff does not expressly say so, and does not identify any deficiency in its reasoning.

Second, Plaintiff argues that "[t]he medical records retrieved through the institution more than show that the statements that [Defendant] made in his Motion for Summary Judgment, and that were recited in the Order are contrary to fact. Drs. A[]mory and Seiden were not the hold up, in fact both stated that the delay in the surgery is why Plaintiff will continue to have the problems and degeneration of his ability to use his arm and hand, due to nerve damage." *Id.* at 3. Plaintiff does not cite to the record for this assertion. Furthermore, nothing in Plaintiff's Rule 59 motion appears to take issue with the Court's determination, in its summary judgment order, that there was insufficient evidence from which a jury could conclude that Defendant—who referred Plaintiff for an orthopedic surgical consultation the same day he correctly diagnosed Plaintiff's condition, and who

thereafter submitted a surgical request immediately after surgery was approved—acted with deliberate indifference to Plaintiff's serious medical needs. *See* ECF No. 50 at 9-10.

Third, Plaintiff contends that the claims of Defendant's medical expert "are misleading and contrary to numerous citings by medical board's recommendations, including cases cited in numerous federal courts wherein it is discussed the length of time between the injury and the surgery in order to provide the necessary treatment." ECF No. 52 at 3. Plaintiff does not provide further specificity, any citation to the record, or any explanation of how his assertion bears on the Court's grant of summary judgment.

Plaintiff has not carried his burden to show that he is entitled to the extraordinary remedy of Rule 59 relief, on the basis of clear error or any other basis.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend the judgment [ECF No. 52] is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 11, 2026

_____
Hon. Robert S. Huie
United States District Judge

24-cv-413-RSH-JLB